[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de MOTION FOR MODIFICATION (#202)MOTION FOR CONTEMPT (#222)
The modification sought by the defendant was brought by citation served on July 2, 1994 seeking to modify an alimony order of $3,333.33 monthly. At the time of the hearing held on January 27, 1997 the plaintiff had not received payments for 24 months, some $2,000 paid in 1995, the alleged arrears being $78,000. The current order was entered in 1979 as part of the final judgment.
At that time the defendant was employed by Royal Metals, Inc. at an annual salary of $31,200. He consulted for an annual fee of $25,000. He received $38,000 from a partnership known as IGS-JBS. He received other income of $19,171. The plaintiff had no income at that time.
The defendant has been unemployed since 1990 when the business employing him ceased to operate. He is currently 68 years old. He is actively seeking work. He is collecting social security of $1,102 monthly. He has been liquidating assets. He has income from a family trust of $7,000 yearly. He now receives $6,817 monthly from a mortgage that was obtained when the real estate held by the IGS-JBS partnership was sold in 1981. There is a financial balance of $240,000 presently with four more years left on the amortization which provides about $2,000 interest monthly.
The defendant remarried eleven years ago. His current spouse does not work nor contribute to the support of the household. He is drawing $232 monthly from two IRAs.
The court finds that the defendant's net disposable income has decreased greatly since 1979. The court finds that to be a substantial change in circumstances.
The court knows of no case that requires the liquidation of CT Page 4425 assets to support an alimony order. Alimony is intended to be the equitable redistribution of income between parties of disparate earning capacities.
The plaintiff had been in the antiques business from 1974 until 1995 having a particular expertise in American antiques. She is 66 and has now developed high blood pressure for which she takes three medications and has emphysema for which she uses two different inhalants. She is not presently employed. There was considerable evidence that, until 1996, the plaintiff had substantial income.
The court is obliged to contrast the present circumstances with the financial circumstances existing when the current orders were entered, Borkowski v. Borkowski, 228 Conn. 729.
The defendant's motion is granted. The periodic alimony is reduced to $1,200 monthly.
The court notes that the defendant's motion was served by citation, and it therefore qualifies for retroactivity pursuant to Sec. 46b-86 (a). The new order entered today shall have retroactivity to and shall be effective as of the date of service of notice on plaintiff, i.e. July, 1994.
The court finds no contempt in light of the modification, the retroactivity and the fact that the defendant waited since 1994 for this ruling. The plaintiff's motion is denied.
The defendant is ordered to bring the alimony current by June 17, 1997. No attorney's fees are awarded.
HARRIGAN, J.